612 So.2d 805 (1992)
Pamela CARTER
v.
OUR LADY OF THE LAKE REGIONAL MEDICAL CENTER.
No. CA 912187.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Richard G. Whitworth, Koederitz & Bohrer, Baton Rouge, for plaintiff-appellant.
David T. Butler, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for defendant-appellee Our Lady of the Lake Reg. Med. Ctr.
Before WATKINS, CRAIN and GONZALES, JJ.
CRAIN, Judge.
Plaintiff-appellant, Pamela Carter, appeals a judgment of the administrative law judge of the Office of Workers' Compensation rejecting her claim for worker's compensation against Our Lady of the Lake Regional Medical Center (OLOL).
Ms. Carter was employed by OLOL on June 27, 1990, as a Mental Health Technician. On that date she claims that she, Warden Hebert and Drew Wiggins were putting an overweight wheelchair patient into bed when she felt a "pop" in her neck. She went about her work but the next morning her neck hurt and she had no strength in her left arm. On July 2, 1990, she attempted to work but was unable to do so because of pain. She went to the emergency room of OLOL but left before seeing a doctor. On July 3, she went to Dr. Efrain Reyes, her family doctor who prescribed medication for the neck pain. After failing to get relief she went to Dr. *806 Jack Loupe on July 9, 1990. He suspected disc herniation and recommended an MRI. The test confirmed three moderate size herniations, the smallest at C3-C4, another at C4-C5 and the largest at C5-C6. On July 16, Dr. Loupe performed an anterior excision of the C5-C6 intervertebral disk with anterior interbody fusion at C5-C6. Ms. Carter remained under Dr. Loupe's care until February of 1991 when she was released and returned to work.
Ms. Carter reported the June 27 accident to OLOL on July 30, 1990 some two weeks after the surgery. After investigating her claim and reviewing her employment application OLOL refused to pay benefits. The administrative law judge upheld the denial based on the claimant's failure to disclose her prior injuries when applying for a job and failure to give her employer timely notice that she had sustained an employment related injury. The assignments of error are related to these two rulings. We affirm the denial on the basis that Ms. Carter failed to disclose prior injuries on her employment application. Consequently, it is unnecessary to consider the timeliness of her reporting a job related injury to her employer.
La.R.S. 23:1208.1 allows a prospective employer to inquire about prior injuries. The statute further provides that
[T]he employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund. (Emphasis added.)
The record reflects that on May 20, 1989, appellant was involved in an automobile accident. She was struck from the rear while stopped at a traffic light. She experienced pain in her neck and lower back and went to the emergency room of OLOL hospital. She was examined, had x-rays and was given a prescription for Norgesic Forte. The medication did not help and she began taking Advil on her own. She continued to have pain in her neck, left shoulder and lower back.
On June 19, 1989, she consulted Dr. Jack Loupe. At that time she complained of pain in her neck rated at nine on a scale of ten. Her lower back she rated at six on the same scale. A review of the May 20, 1889, x-rays revealed no abnormalities. A new set of x-rays were taken. They disclosed a slight narrowing of the C5-6 intervertebral disc. The lumbosacral spine x-rays were within normal limits but showed assymmetry of the facet joints of L4-5 and L5/S1. The treatment recommended was a week or ten days off work, rest, cervical traction, seventy five milligrams of Orudis, and short term Librium. She was to return in nine days.
On July 3, 1989, Ms. Carter reported no improvement in her symptoms. She was administered intramuscular Pecadron, Decadron Acetate and Valtarem. She was to continue with a heating pad, add myoflex and rest. It was suggested that it was okay to return to work since being off did not help.
Ms. Carter returned for follow-up on August 11, 1989. She reported her lower back seemed to be improving although she noted tiredness of both lower extremities. Her neck had not improved. Sensation to pin scratch was decreased throughout the entire right upper and right lower extremity. Medication was stopped since it was not helping. She was advised to be reexamined in one month for possible MRI if she was not improved.
Ms. Carter was examined on October 9, 1989. She reported no improvement. Motrin and a cervical pillow were prescribed and a MRI recommended. She deferred the MRI at the time to determine how it would be handled financially. She was advised to return in eight weeks. She did not return but she did file a suit over the accident which was settled in January or February of 1990.
On May 21, 1990, Ms. Carter started work for OLOL. She was interviewed, filled out a job application and was required to take a physical. She answered "no" to the question of whether she had *807 ever been told that she had back injury and back pain. When asked at trial why she did not answer in the affirmative she stated she did not know and later that "maybe I just wanted to be sure I got the job."
The issue is whether, under the circumstances outlined, appellant's failure to disclose her prior injury disqualifies her for worker's compensation under La.R.S. 23:1208.1. Appellant claims first that the statute cannot be applied because of technical violation of the statute by the employer in its inquiries about prior medical conditions. The statute requires the inquiry be made on a written form which,
contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
Appellant argues for the first time on appeal that the notice was not 10 point type, but is in fact 12 point. The notice is obviously in bold type larger than the remainder of the application. No objection was made to the notice in the trial court and no evidence was introduced to show whether it was 10 point or larger. We only have appellant's assertion in brief and no evidence even that 12 point, if it is 12 point, is not larger than 10 point. Under these circumstances the record does not support a finding that the notice was not in compliance with this provision of the statute.
Appellant also asserts that the language of the notice was not sufficient since it advised the employee that failure to answer truthfully may rather than shall result in forfeiture of benefits. The statute provides that failure to answer truthfully shall result in a forfeiture of benefits. However, it further provides that a notice must be given the employee that "failure to answer truthfully may result in his forfeiture of worker's compensation benefits". The notice given by OLOL simply tracks the language of the statute as to the notice to be given. Consequently, it cannot be considered a violation of the statute.
The statute further provides that in order to deny benefits the failure to answer must directly relate "to the medical condition for which a claim for benefits is made." Appellant argues that the finding of the administrative law judge that the injury while working with OLOL exacerbated a prior injury is in error. Consequently, it is argued that there was no prior injury which relates to the one for which a claim is made against OLOL. The medical evidence with reference to the 1989 injury outlined above supports the finding of connexity by the administrative law judge. The injuries in the 1989 and 1990 accidents were to the exact same areas. X-rays taken then showed some deviation of the same vertebrae and discs where herniation was found after the 1990 accident. In 1989, an MRI had been recommended but refused for those areas where the MRI showed herniation in 1990.
Appellant argues that Toth v. Ensco Environmental Services, Inc., 546 So.2d 188 (La.App. 1st Cir.1989), reversed in part, 551 So.2d 623 (La.1989), requires finding that the OLOL injury does not relate to a prior injury. That case holds that the disability results from a particular accident if prior to that accident the claimant is in good health, but afterwards the disability symptoms manifest themselves. According to the medical evidence introduced as a result of the 1989 accident, appellant was not in good health and had symptoms of the disabling injury prior to the 1990 accident.
We further agree with the administrative law judge that the circumstances of Ms. Carter's not reporting her injury to OLOL until two weeks after surgery, and only then after being prompted to recall whether anything had occurred on the job, is an indication that she related her problems to the 1989 injury. Not only did the failure to report the prior injury relate to the injury for which the claim is made, but in the least the failure would preclude OLOL from receiving reimbursement from the second injury fund.
We find no manifest error in the conclusion of the administrative law judge that *808 benefits should be denied because of the failure of appellant to truthfully relate the fact of a pre-existing injury. Consequently, we affirm the judgment of the Office of Worker's Compensation. Costs are assessed to appellant.
AFFIRMED.