631 So.2d 50 (1994)
Shirley COLEMAN, Appellant,
v.
SHERATON PIERREMONT, Appellee.
No. 25452-CA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
*51 Graves, Graves & Hanna by Robert M. Hanna, Shreveport, for appellant.
Blanchard, Walker, O'Quin & Roberts by Robert A. Dunkelman, Shreveport, for appellee.
Before BROWN, STEWART and WILLIAMS, JJ.
WILLIAMS, Judge.
Shirley Coleman, the plaintiff in this worker's compensation action, appeals an administrative hearing officer's dismissal of her claim based upon a finding that Coleman willfully made a false statement in order to obtain benefits. Asserting she was injured in a slip and fall accident, Coleman contends the administrative hearing officer did not have jurisdiction to dismiss the claim on that basis and erred in awarding attorney's fees. Also at issue is the procedural posture of the case which was decided on argument, depositions and other filings submitted at or after the hearing on Sheraton Pierremont's motion to dismiss under LSA-R.S. 23:1208.
Because the trial court's dismissal of Coleman's claim was equivalent to the improper granting of a motion for summary judgment, we reverse and remand for a trial on the merits.

FACTS
Shirley Coleman filed a worker's compensation claim against her employer, Sheraton Pierremont, to recover for injuries allegedly sustained when she slipped and fell on a wet floor in the hotel kitchen on October 6, 1990. Employed as a salad helper, Coleman never received any compensation benefits and sought to recover statutory penalties and attorney's fees. Sheraton Pierremont and its workers' compensation insurer, the Louisiana Retailers Association, answered and asserted that Coleman's petition was vague. Discovery followed. Based upon Coleman's responses at her deposition, defendants filed a motion to dismiss pursuant to LSA-R.S. 23:1208 under which a claimant forfeits the right to worker's compensation benefits when the claimant willfully makes false statements to obtain the benefits.
*52 At her deposition, Coleman gave the following personal information: address, 8713 Elbert Circle, Shreveport, 71106; phone number, 869-1736; and date of birth, July 8, 1948. Describing the alleged fall, Coleman said she slipped on water which leaked onto the floor from a refrigerator in the salad area. Although she had no cuts or bruises from the alleged fall, she stated her feet went out forward. She fell backwards, landing on her lower back and buttocks and injuring her lower back. According to Coleman, her clothing was wet from the moisture on the floor. Coleman could not recall any other employees being in the area when she fell. Coleman was taken by ambulance to Highland Hospital.
In response to questions asked on cross examination during her deposition, Coleman specifically denied having been involved in other accidents which could have contributed to the injuries alleged in this claim. She denied having ever made any other claims or receiving any other settlements on any other claims. When asked specifically whether she had been involved in a slip and fall matter, her attorney objected to the question as repetitive. The pertinent portion of the deposition transcript reads as follows:
Q: Were you involved in any type of accidents, which could have caused or contributed to the injuries that you've alleged in this lawsuit?
A: No.
. . . .
Q: O.K. Have you ever been involved in any other lawsuits, other than this one?
A: No.
. . . .
Q: O.K. Have you ever made any other claims, or received any settlements, other than the claim that you are making in this lawsuit?
A: No.
. . . .
Q: O.K. Have you ever been involved in any other slip and fall-type problem?
Mr. Hanna: Objection. The question has been asked and answered. It's repetitive.
(R.pp. 41, 50 & 58).
In the motion to dismiss based on LSA-R.S. 23:1208, Sheraton Pierremont asserted Coleman willfully made false statements in order to obtain worker's compensation benefits. Coleman made a similar slip and fall claim against Dillards Department Store on September 12, 1990, a short time prior to the alleged slip and fall in this matter.
An employee of Liberty Mutual Insurance Company, Sherry Galloway, responded to a subpoena duces tecum issued to the company for any claims, settlements or other matters involving Shirley Coleman, S.S.# XXX-XX-XXXX, including but not limited to the claim against Dillards, Inc. The Dillards report showed that Shirley Coleman (address, 8713 Elbert in Shreveport) made a slip and fall claim alleging that she had fallen in the Southpark Dillards on September 12, 1990. The documents filed show that Coleman negotiated a settlement of her claim with Dillards for $250, and she was paid that amount on October 22, 1990.
A hearing on the motion to dismiss was held on April 1, 1992, at which attorneys for the parties appeared and argued. No testimony was taken and the matter was submitted to the administrative hearing officer on argument, filings, depositions, and reports. On November 30, 1992, the administrative hearing officer signed a memorandum opinion and order dismissing Coleman's claim. The hearing officer found Coleman willfully made false statements concerning the prior slip and fall for the purpose of obtaining payments under the Worker's Compensation Act, and therefore, Coleman forfeited her rights to any benefits. Notice of the judgment was sent December 8, 1992 and Coleman responded with a motion for new trial. On March 5, 1993, the new trial motion was denied. Coleman appeals.

DISCUSSION
As amended in 1992, LSA-R.S. 23:1208 states:
A. If, for the purpose of obtaining or defeating any benefit or payment under *53 the provisions of this chapter, any person, either for himself or any other person, willfully makes a false statement or representation, he shall be fined not more than $500 or imprisoned for not more than 12 months, or both.
B. In addition to the criminal penalties provided for in subsection A of this section, any person violating the provisions of this section may be assessed civil penalties by the director of not less than $100 nor more than $500.
C. Any employee violating this section shall, upon determination by a hearing officer, forfeit any right to compensation benefits under this chapter.
Effective January 1, 1990 was a 1989 amendment which read:
§ 1208 Misrepresentations concerning benefit payments; penalty.
If, for the purpose of obtaining or defeating any benefit or payment under the provisions of this chapter, any person, either for himself or any other person, willfully makes a false statement or representation, he shall be fined not more than $500 or imprisoned for not more than 12 months or both. Any employee violating this section shall in addition forfeit any right to compensation benefits under this chapter.
Prior to the 1989 amendment, 23:1208 referred to an employee "convicted" under the section.
Plaintiff questions the subject matter jurisdiction of administrative hearing officers to consider a violation of this statute. Arguing 23:1208 is a carryover from the time when district courts had original jurisdiction in worker's compensation and criminal matters, plaintiff asserts that this penal provision should be strictly construed and the dismissal with prejudice was an inappropriate remedy. Sheraton Pierremont argues that the administrative hearing officer was correct in dismissing plaintiff's claim on the basis of fraud.
Since January 1, 1990, the administrative hearing officers are vested with original exclusive jurisdiction over claims and disputes arising out of the worker's compensation law. LSA-R.S. 23:1310.3. LSA-Const. Art. 5, § 10(A)(B), § 16(A).
In Sampson v. Wendy's Management Inc., 593 So.2d 336 (La.1991), the supreme court noted that a retaliatory discharge cause of action found in the chapter on worker's compensation was not a worker's compensation matter to be heard by administrative hearing officers, since the cause of action was in tort and/or a claim for civil penalties. The court stated:
The claims for which hearing officers are given original, exclusive jurisdiction under LSA-R.S. 23:1310.3 are claims for any compensation or benefits. The Worker's Compensation Act only provides for the administrative agency determination of benefits and penalties directly associated with the employee's work-related injury and his receipt of worker's compensation benefits.
593 So.2d at 339 (citation omitted).
Under that reasoning, even prior to the 1992 amendment of 23:1208, the administrative hearing officer had subject matter jurisdiction to decide whether a claimant seeking benefits had forfeited them by willfully making false statements in order to obtain benefits. The administrative hearing officer has the original and exclusive jurisdiction to determine whether plaintiff proved or failed to prove her on the job injury by sufficient evidence. If she did not, her claim would be dismissed with prejudice. It would be a gross violation of judicial efficiency to find that a hearing officer did not have authority to decide that a claimant had committed fraud. Sheraton Pierremont correctly points out that 23:1208 deals directly with plaintiff's claim for benefits. The statute in its present form confirms that the administrative hearing officer has jurisdiction to make that determination. Therefore, we conclude that the administrative hearing officer had jurisdiction to consider Sheraton Pierremont's assertions that plaintiff had violated the provisions of 23:1208.
Plaintiff also argues that the Sheraton Pierremont's evidence supporting its motion to dismiss was woefully short of the civil burden of the preponderance of the evidence. It is unnecessary to consider plaintiff's complaints *54 concerning the burden of proof and the award of attorney's fees because we hold that the motion to dismiss should not have been treated procedurally as a motion for summary judgment. The administrative hearing officer essentially improperly granted a motion for summary judgment.
No technical forms of pleading are required and courts may award a final judgment to which a party is entitled even if the party has not demanded that particular relief. LSA-C.C.P. Arts. 854 and 862. Sheraton Pierremont's motion to dismiss does not conform to the motions to dismiss set out in the Code of Civil Procedure. Neither LSA-C.C.P. Art. 1671 dealing with voluntary dismissal, Article 1672 dealing with involuntary dismissal, Article 1673 dealing with effect of dismissal nor Article 1844 dealing with the effect of judgments of dismissal is applicable to the procedural posture of this case.
Although styled as a motion to dismiss, the pleading was treated as a motion for summary judgment which is a procedural means to avoid a trial where there is no genuine factual dispute. The motion is granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. The mover has the burden of affirmatively showing the absence of genuine issue of material fact. Any doubt must be resolved against the granting of the motion. To meet its burden, the mover must show both that the truth is clear and that any real doubt as to the existence of any material fact has been excluded. The mover's supporting documents are to be closely scrutinized while the opposition's are to be indulgently treated. When affidavits and exhibits present a choice of reasonable inferences, reasonable inferences must be viewed in the light most favorable to the party opposing the summary judgment. Even if the trial court has grave doubts as to a party's ability to establish disputed facts, summary judgment is not appropriate.
A motion for summary judgment is not suitable for disposition of cases requiring a judicial determination of subjective facts such as motive, intent, good faith or knowledge....
Credibility determinations have no place in a summary judgment procedure.
Ouachita Nat. Bank v. Gulf States Land and Dev., 579 So.2d 1115, 1120 (La.App. 2d Cir. 1990), writ denied, 587 So.2d 695 (La.1991). See also, Penalber v. Blount, 550 So.2d 577 (La.1989); Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983).
LSA-R.S. § 1208.1 was added by the Legislature in the same Act that amended Section 1208. Section 1208.1 provides:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
A review of the documents attached to the defendant's motion to dismiss shows that plaintiff claimed she had slipped and fell at Dillard's and her only injury sustained was that she had bruised her knees. The adjuster's notes attached to the motion to dismiss and the medical information substantiate the fact that plaintiff was only treated for bruised knees, and that the plaintiff and the adjuster negotiated a settlement of the case through telephone communications without the necessity of filing suit for $250.00.
Counsel for plaintiff argued in the memorandum in opposition to the motion to dismiss that the plaintiff was confused and her answers given during the deposition were taken out of context. Counsel for the defendant *55 countered by arguing that the earlier incident at Dillard's was based on very similar facts and that the plaintiff's description of how the accidents occurred was virtually identical. He asserts that the plaintiff must have known that the earlier claim would severely impact her entitlement to worker's compensation benefits.
Under the facts of this case, a dismissal of plaintiff's claim with prejudice would only be appropriate after a determination by the hearing officer that the employee/claimant violated Section 1208 and Section 1208.1. That determination should have been made after a trial on the merits. Because this dispute is one that clearly involves questions of motive, intent, good faith and credibility, it is inappropriate for a decision via summary judgment. This matter is reversed and remanded for a trial on the merits. At the trial, the hearing officer shall consider whether LSA-R.S. 23:1208.1 is applicable to the facts of this case.
REVERSED AND REMANDED.