| iLABOBDE, Judge.
Appellant, having failed to admit to having previously sustained back injury, today complains of an adverse ruling by the hearing officer that found his failure to disclose previous injuries constituted grounds for forfeiture under LSA-R.S. 23:1208. We reverse. LSA-R.S. 23:1208 is intended for the defense of claims arising from fabricated work-related injuries, not to bar claims based on an employee’s failure to answer truthfully an employer’s inquiries into a worker’s previous injuries. Because defendant did not comply with the prerequisites set forth in LSA-R.S. 23:1208.1, the provision available for such defenses, we remand for a hearing on the merits.
FACTS
Claimant alleges he was injured in the course and scope of his employment in an otherwise unwitnessed accident on July 17, 1991, when he slipped and fell at a tank farm. He sustained herniated disks at L4-5 and L5-6. Defendant paid compensation benefits *425 through March 1993, when it discontinued compensation 12benefits alleging in a separate consolidated action that plaintiff was barred by LSA-R.S. 23:1208.
As to the 1208 proceeding, the parties submitted their cases on the basis of briefs, attachments, and medical records. Each party evidenced its intent to have such a truncated proceeding in letters forwarded to the hearing officer. This appeal follows the hearing officer’s determination that claimant’s failure to admit to injuries sustained in 1989 resulted in his forfeiture of benefits for a disability he alleges to have arisen from a 1991 accident. In pertinent part, the hearing officer’s written reasons state the following:
Having found that Resweber knew that he had a possible herniated disc as early as July of 1989, the Court also concludes that his failure to disclose that information to Mr. Deselle and to Dr. Franklin was deliberate and willful.
On appeal, claimant argues that we should treat defendant’s “Motion to Disqualify Pursuant to Rule 1208” as a motion for summary judgment, which would require us to reverse the hearing officer’s conclusion insofar as genuine issues of material fact abound. In support of this position claimant relies extensively on the ease of Coleman v. Sheraton Pierremont, 94-25, 452 (La.App. 2d Cir. 1/19/94), 631 So.2d 50, which we find inappo-site. In Coleman, the hearing officer unilaterally denied claimant her opportunity to have a fair hearing. In the present case, the parties agreed to waive the already relaxed evidentiary and procedural formalities of our state’s worker’s compensation scheme to limit the evidence the hearing officer could consider in making a determination as to whether claimant forfeited his benefits under LSA-R.S. 23:1208. The answer lies elsewhere.
LSA-R.S. 23:1208 vs. 23:1208.1
| aThe critical question is whether LSA-R.S. 23:1208 operates to bar the worker’s compensation claim of an allegedly injured worker who fails to truthfully answer his employer’s inquiry as to previous injuries. Before we answer this question, we observe that the hearing officer did not find that claimant forfeited his worker’s compensation benefits pursuant to LSA-R.S. 23:1208.1, which provides as follows:
§ 1208.1. Employer’s inquiry into employee’s previous injury claims; forfeiture of benefits
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee’s forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer’s ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
Added by Acts 1988, No. 938, § 2, eff. Jan. 1, 1989. Amended by Acts 1989, No. 454, § 5, eff. Jan. 1, 1990.
The tension wrought between the first and second sentences of LSA-R.S. 23:1208.1 is reflective of society’s need to balance the employer’s desire to avoid nonproduction attributable costs against the worker’s need to exchange for the practical necessities of life, the only commodities he has to offer in a competitive labor market, his time and labor. See generally, Malone & Johnson, Workers’ Compensation, 13 Louisiana Civil Law Treatise, Sections 32 and 232 n. 1 (and text accompanying) (West 1993).
Consistent with “the tenet that the worker’s compensation laws are to be liberally construed,” Peveto v. WHC Contractors, et al., 93-C-1402 (La. 1/14/94), at 3, 630 So.2d 689, 691, the provision is strictly construed against the employer, who is presumed to be in a better position to prevent workplace accidents through its hiring and firing decisions than is the *426 worker, who seldom has the luxury of opting out of the workplace.
While LSA-R.S. 23:1208.1 is designed to insulate the employer from costs arising from worker’s ailments which are completely foreign |4to their production of goods or services, it does so only when those costs are clearly not attributable to the worker’s occupation and the employer avails itself of the provision’s safe harbor provisions. Williams v. Holly Hill Nursing Home, 93-557 (La.App. 3d Cir. 3/30/94); [640] So.[2d] [383]. Cf. Carter v. Our Lady of Lake Regional Medical Center, 612 So.2d 805 (La.App. 1st Cir.1992).
Pickett v. Stine Lumber Company, 93-1534 (La.App. 3 Cir. 6/1/94), at 3, 640 So.2d 769, 771.
The forfeiture of workers compensation benefits contemplated by LSA-R.S. 23:1208.1 is expressly conditioned upon the presence of three factors: an untruthful statement; a direct relationship between the answer elicited and the claim for benefits or ability to receive reimbursement from the second injury form; and compliance with the notice requirements of the statute. Want of any of the three factors is fatal to the employer’s successful avoidance of workers compensation liability on grounds of past * artifice. (* footnote: LSA-R.S. 23:1208 pertains to more contemporaneous deceit.)
Williams, supra, at 385. Because defendant did not comply with the minimum notice requirements set forth in LSA-R.S. 23:1208.1, defendant cannot rely on that provision to deny claimant his opportunity to have a hearing for benefits which might otherwise be due him.
We therefore return to the central question, whether an employer may rely on LSA-R.S. 23:1208 to avoid the notice requirements of LSA-R.S. 23:1208.1 when it seeks to defend its failure of benefits on the grounds of its employee’s failure to report previous injuries.
On the date of claimant’s accident in July 1991 and a few months afterward when he allegedly misrepresented his medical history, LSA-R.S. 23:1208 read as follows:
If, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, any person, either for himself or any other person, wil-fully makes a false statement or representation, he shall be fined not more than five hundred dollars or imprisoned for not more than twelve months, or both. Any employee violating this Section shall in addition forfeit any right to compensation benefits under this Chapter.
|5The Louisiana Supreme Court has said that laws in pari materia, or on the same subject matter, must be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another. State v. Freeman, 411 So.2d 1068 (La.1982).
Briggs v. Grant Parish Sheriff's Office, 626 So.2d 56, 58 (La.App. 3d Cir.1993). Thus, we compare LSA-R.S. 23:1208.1, whose clear terms and purposes require that employers notify their employees, in advance, of the price of their failure to be candid about prior injuries, with LSA-R.S. 23:1208, which does not. After doing so, we conclude that this battle was fought and decided on the wrong battleground. Seldom applicable, LSA-R.S. 23:1208.1 offers the only means by which an employer may escape the need for a hearing on the merits when it alleges that an employee is to be denied benefits solely on the basis of a prior unreported injury.
While statutes in pari material should be construed together, when the legislature includes a requirement in one statute and excludes it from another, the legislative intent to not impose the requirement on those affected by the second statute is clear. La.C.C. art. 17; Hoffpauir v. City of Crowley, 284 So.2d 114 (La.App. 3 Cir.1973), writ denied, 286 So.2d 366 (La.1973).
Donaldson v. Universal Engineering, 606 So.2d 980, 987 (La.App. 3d Cir.1992). Applying the two statutory provisions in pari materia, we hold that the employer must comply with the requirements of LSA-R.S. 23:1208.1 as set forth in Williams, supra, before it may preempt an employee’s right to *427 benefits, on the theory that the employee failed to truthfully answer inquiries as to previous injuries, for injuries subsequently sustained in the pursuit of his employer’s wealth.
We believe this interpretation is consistent with the equitable scheme envisioned by the legislature. Fraudulent claims based on staged injuries or accidents will not be tolerated. Defenses against such claims do not require Miranda-type warnings of employers, LSA-R.S. 23:1208, because notions of equity spare no quarter to such repugnant acts, which are not ordinarily susceptible to anticipation or | (¡prevention. Advance notice in compliance with LSA-R.S. 23:1208.1 and Williams, supra, are vital to the defense of the employer who seeks to deny the worker benefits allegedly due solely on the basis of a pre-employment injury. Indeed, how ironic it would be were our system of worker’s compensation, whose genesis derives in good measure from the perceived need to eliminate the defense of contributory negligence, to be interpreted to create so gaping a hole in derogation of decades of thoughtful reflection. To the contrary, with few exceptions, a worker’s claim is to be decided on the merits, with resort to the usual statutory laws and legal presumptions; seldom is it that the exceptional provisions of LSA-R.S. 23:1208.1 or 1208 will be permitted to serve as a proxy.
The new paradigm proposed by defendant finds no favor with this tribunal. Claimant was employed for some three years by his employer. It would be unconscionable to permit defendant, who must be presumed to have derived some private benefit from their relationship, to reap the benefits from its employee’s production, then foist on the public some of the production costs from its accrued obligations.
Art. 2747. Contract of servant terminable at will of parties
A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.
Given its opportunity to hire whomsoever it deemed appropriate, to inquire into claimant’s medical status in compliance with LSA-R.S. 23:1208.1, or to have a physical examination conducted of claimant at the outset of their relationship, the ^employer selected to employ claimant. It cannot now renege on its worker’s compensation obligation, which if proven on the merits, inures to the benefit of claimant.
SANCTIONS
Finally, each party asks that we impose its attorney’s fees against the other. We find no merit to either claim, as this area of the law until today has remained largely uncharted arid susceptible to reasonable differences.
CONCLUSION
After considering all of the evidence, the hearing officer held that claimant forfeited his rights to worker’s compensation benefits when he failed to be completely candid in describing a weight lifting injury several years before, one that was unrelated to his employment:
Having found that Resweber knew that he had a possible herniated disc as early as July of 1989, the Court also concludes that his failure to disclose that information to Mr. Deselle and to Dr. Franklin was deliberate and wilful.
The fact that Resweber and his father reported this alleged injury to ARMS as a workers’ compensation claim, and failed to disclose to Dr. Shepherd the earlier back injury of which they were both aware, is prima facie evidence of his intention to obtain benefits under this Chapter on the basis of that false statement.
For the reasons stated above, under the circumstances, we must vacate that portion of the decision, insofar as claimant was not fully apprised of the cost he might pay for his oversight. We believe that this conclusion is most consistent with the goals of our state’s worker’s compensation scheme, to be liberally construed in favor of the worker. Peveto, supra. Significantly, for the reasons stated above, we do not feel empowered to go so far as the Second Circuit, whose Carter opinion somewhat ambiguously suggests that any forfeiture of benefits requires compliance with both LSA-R.S. 23:1208 and LSA-R.S. 23:1208.1. Carter, supra. Moreover, nothing | gcontained in this opinion should be construed to prohibit the hearing officer from *428 referring this or any case to proper authorities for. investigation of fraud if such a referral is deemed warranted after a full hearing.
DECREE
The hearing officer pretermitted a trial on the merits for reasons we now vacate. Because defendant did not comply with the notice requirements of LSA-R.S. 23:1208.1, plaintiff is entitled to have his case heard on the merits. Therefore, we will remand for that purpose, with assessment of costs to await the outcome of these proceedings.
REVERSED AND REMANDED.
KNOLL, J., concurs in the result.