COOKS, Judge.
Claimant, David Cudd, appeals the hearing officer’s finding that he forfeited his rights to worker’s compensation benefits pursuant to LSA-R.S. 23:1208.1 because he was seeking benefits for an injury to his right knee that occurred in the course and scope of his employment but failed to mention he had a prior injury to the same knee.
FACTS
David Cudd began working for George Koch & Sons (Koch) on February 19, 1993. He was assigned to work at General Motors’ plant in Shreveport, Louisiana. On February 22, 1993, David and a co-worker were carrying a four-by-fourteen feet piece of sheet metal, which weighed three to four hundred pounds, when he fell and the sheet metal hit his right knee. X-rays performed at an emergency room hospital in Shreveport did not reveal any fractures. His condition was diagnosed as a possible torn ligament and cartilage. On February 24, 1993, David was examined by an orthopaedic surgeon, Dr. Ray Beurlot, Jr. His impression was David sustained a contusion and strain of the right knee; but, he wanted to rule out internal derangement of David’s knee such as cartilage tears.
Koch paid worker’s compensation benefits until it discovered David had previously injured his right knee in October 1990. Koch terminated David’s benefits because he denied that he had ever received treatment for his knee in a medical questionnaire. The hearing officer held David forfeited his right to receive worker’s compensation benefits pursuant to LSA-R.S. 23:1208.1 because he failed to inform Koch of his previous injury to his right knee. David appeals.
^DISCUSSION
David claims Koch improperly terminated his benefits because the previous injury he suffered was not related to the exact injury he sustained while working for it. He also asserts his previous injury did not affect Koch’s ability to receive reimbursement from the second injury fund.
LSA-R.S. 23:1208.1 addresses the employer’s inquiry into the employee’s previous injury claims:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee’s forfeiture of benefits under this Chapter, provided, said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer’s ability to receive reimbursement form the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type. (Emphasis added.)
The forfeiture of worker’s compensation benefits is expressly conditioned upon the presence of three factors: an untruthful statement; a direct relationship between the answer elicited and the claim for benefits or ability to receive reimbursement from the second injury fund; and compliance with the *507 notice requirements of the statute. If any one of these three factors is not satisfied, the employer cannot avoid worker’s compensation liability if the employee failed to disclose a prior injury, disability or medical condition. See Williams v. Holly Hill Nursing Home, (La.App. 3d Cir.1994), 640 So.2d 383.
It is undisputed David injured his knee in October 1993; he received treatment for this injury; and he did not disclose the prior injury to Koch in the medical questionnaire. Additionally, the employer complied with the notice requirements set forth by statute. Therefore, the only remaining question is whether David’s prior injury directly relates to his current medical condition or affects Koch’s ability to receive reimbursement from the second injury fund.
An employer is entitled to reimbursement from the second injury fund if the “employee who has a permanent partial disability incurs a subsequent injury arising out of and in the course of his employment resulting in liability for disability due to the merger of the subsequent injury with the preexisting permanent partial disability.” LSA-R.S. 23:1378(A)(1). Permanent partial disability is defined in LSA-R.S. 23:1378(F) as “any permanent condition, whether congenital or due to injury or disease, or such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become unemployed.”
_[sDr. Beurlot also treated David when he twisted his knee in October 1993. Dr. Beur-lot testified he performed arthroscopic surgery and removed a portion of the meniscus in David’s right knee. He assessed a fifteen percent impairment rating because the knee, without a portion of the meniscus, was no longer “normal.” He also stated impairment is not the same as disability. Further, after David underwent surgery on his knee, he returned to work without incident. David’s previous injury was not permanently disabling.
We turn to address whether David’s current medical condition is directly related to his previous injury. Koch, relying on Carter v. Our Lady Regional Med. Center, 612 So.2d 805 (La.App. 1st Cir.1992), argues David’s current knee injury is directly related to his prior injury because it is in the same anatomical area and same structure within his knee. In Williams, supra, we declined to use this as a test to determine whether a current medical condition is directly related to another. Moreover, in King v. Grand Cove Nursing Home, (La.App. 3d Cir.1994), 640 So.2d 348, we held “directly related” should refer to a previous condition that made the injury for which the present claim is filed inevitable or very likely to occur, i.e., given the pre-job medical condition or the employee, a recurrence of that condition or some other type of injury was bound to happen while the employee was performing the regular job duties for the employer.
David’s claim arose when a three to four hundred pound piece of sheet metal hit his right knee. Dr. Beurlot testified David’s pri- or injury did not have any bearing on the new injury. He also stated this injury was caused by a separate trauma to the knee unrelated to a “giving away” of or deterioration of David’s knee from the first surgery. Under these facts, David’s present medical condition is not “directly related” to the injury he did not disclose to Koch. Accordingly, Koch is not relieved of worker’s compensation liability under LSA-R.S. 23:1208.1.
David also requested penalties and attorney fees, which were denied by the hearing officer. Given Koch’s good faith reliance on and interpretation of LSA-R.S. 1208.1, an award of penalties and attorney’s fees against it under the circumstances is not legally authorized.
DECREE
The hearing officer’s judgment is reversed. David is awarded temporary total disability benefits until he is able to return to gainful employment. All costs on appeal are assessed against Defendant-Appellee.
REVERSED AND REMANDED.