655 So.2d 423 (1995)
Thomas STEVENS
v.
BECHTEL CONSTRUCTION CORPORATION.
No. 94-CA-1825.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1995.
Rehearing Denied June 19, 1995.
*424 John E. Ruiz, New Orleans, for appellant.
Lobman, Carnahan and Batt, Lisa A. Montgomery, Metairie, for appellee.
Before BARRY, CIACCIO and MURRAY, JJ.
BARRY, Judge.
Thomas Stevens appeals a judgment that denies worker's compensation benefits based on Stevens' failure to truthfully answer a medical history questionnaire. Stevens claims the administrative law judge erred by finding: 1) that Stevens' failure to truthfully answer is directly related to the medical condition for which he seeks benefits; 2) that the notice of forfeiture complies with statutory requirements; 3) that Stevens deliberately deceived his employer. We reverse.

Facts
Stevens was injured in a work related accident on April 17, 1991. He received weekly compensation benefits until November 18, 1991 when benefits were discontinued based on Stevens' failure to truthfully answer a medical history questionnaire submitted by his employer. La.R.S. 23:1208.1.
The questionnaire was completed by Stevens when he applied for a position with Bechtel Construction Corporation. In response to whether Stevens previously had a spinal fusion, surgical removal of an intervertebral disc, or back injury, he answered no.
The parties stipulated that Stevens had a prior work related back injury and a partial laminectomy at L5-S1 in 1973. There is a dispute as to the precise level of the 1991 injury. Copies of medical summaries and letters from physicians are in the record as attachments to correspondence; however, the only medical records placed in evidence are Ochsner records for an unrelated and irrelevant knee injury in 1978 and 1979.
Bechtel filed a motion for summary judgment because Stevens failed to truthfully answer the medical history questionnaire. The motion was referred to a trial on the merits.
The hearing examiner held that Stevens is not entitled to benefits. He reasoned that Bechtel complied with statutory notice requirements regarding forfeiture of benefits, that Stevens failed to truthfully answer the questionnaire, and that the 1991 injury directly involves the 1973 back injury.

Forfeiture of Benefits
The Louisiana Worker's Compensation law provides that an employee shall truthfully answer an employer's inquiry concerning previous injuries. However, the employer must first provide notice that failure to answer truthfully may result in forfeiture of benefits.
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently *425 displayed in bold faced block lettering of no less than ten point type.
La.R.S. 23:1208.1.
The forfeiture of worker's compensation benefits under § 1208.1 is expressly conditioned on the presence of three factors: an untruthful statement; a direct relationship between the answer elicited and the claim for benefits or ability to receive reimbursement from the second injury fund; and compliance with the notice requirements of the statute. Williams v. Holly Hill Nursing Home, 93-557 (La.App. 3 Cir. 3/30/94), 640 So.2d 383, 385, writ den. 94-1134 (La. 7/1/94); 641 So.2d 208. The absence of any factor is fatal to an employer's avoidance of worker's compensation liability based on past injury. Id. Stevens contends those factors were not established.

Relationship to Previous Back Injury
Section 1208.1 requires that a claimant's failure to truthfully answer directly relates to the medical condition for which the claim is made or that it affects the employer's ability to collect under the second injury fund. The record does not establish either.
"Directly relates to"
The Hearing Officer held that the 1991 injury "directly involves the L5-S1 disc, or the previous back injury of 1973." There is a split in Louisiana Courts of Appeal on the interpretation of "directly relates to the medical condition for which a claim for benefits is made" under § 1208.1.
In Carter v. Our Lady of the Lake Regional Medical Center, 612 So.2d 805 (La. App. 1 Cir.1992), the court held that the claimant's failure to answer was directly related to the current claim where the injuries were to the "exact same areas" and prior x-rays showed deviation of the same vertebrae and discs where herniation was found after the present accident. Id. at 807.
The Third Circuit rejected the anatomical location test in Williams v. Holly Hill Nursing Home, supra and held:
In our opinion the express conditional language contained in LSA-R.S. 23.1208.1 serves to narrow the sweep of the forfeiture provision to require more than geographical identity. Had the law intended to bar relief for any misleading statements or based solely on the anatomical region affected, it could have done so. Instead, no doubt at the conclusion of a pitched battle the law was compromised to permit employer questionnaires and worker's compensation disqualifications, but only `provided [the employee's] failure to answer directly relates to the medical condition for which a claim for benefits is made....'
Williams, 640 So.2d at 386. See also King v. Grand Cove Nursing Home, 93-779 (La.App. 3 Cir. 3/9/94); 640 So.2d 348, 351, writ den. 94-0865 (La. 5/13/94), 641 So.2d 204, which rejected the anatomical location test and held that § 2801.1 should be strictly construed against the employer.
Williams more closely follows the language of the forfeiture statute, and provides the better interpretation.
The parties stipulated that Stevens' 1973 injury and laminectomy affected the L5-S1 level. However, there is no medical evidence or testimony that establishes the level or nature of Stevens' present injury. Medical summaries and letters from physicians were filed as attachments to correspondence but were not admitted into evidence. We note that those documents, if in evidence, only indicate possible abnormalities at L5-S1, L4-5, and L3-4, but do not show Stevens' present medical condition. The record does not establish that Stevens' failure to answer "directly relates" to the medical condition for which his claim was made.
Second Injury Fund
The record does not establish that Stevens' failure to answer affects Bechtel's ability to receive reimbursement from the Second Injury Fund under the Louisiana Worker's Compensation Law.
An employer who knowingly employs someone with a permanent partial disability shall be reimbursed from the Second Injury Fund. The purpose of the fund is "to encourage the employment of physically handicapped employees who have a permanent, partial disability by protecting employers and *426 insurers from excess liability for worker's compensation ..." under certain circumstances. La.R.S. 23:1371.
To be reimbursed, the employer must establish the preexisting permanent partial disability that is serious enough to hinder employment, and prior knowledge thereof, La.R.S. 23:1378(F), and the "merger" or causal link between the disability and the subsequent injury, La.R.S. 23:1371(C). American General Fire & Casualty Co. v. Louisiana Worker's Compensation Second Injury Board, 604 So.2d 46, 48 (La.App. 1st Cir.), writ den. 608 So.2d 176 (La.1992). The employer is presumed to consider a ruptured intervertebral disc, a spinal fusion, and surgical removal of an intervertebral disc to be a hinderance or obstacle to employment. La. R.S. 13:1378(F)(26) and (29). American General Fire & Casualty Co., 604 So.2d at 51 (on rehearing).
The subsequent injury is "merged" with the prior disability for purpose of reimbursement from the fund when:
(1) The subsequent injury would not have occurred but for the preexisting permanent partial disability; or
(2) The disability resulting from the subsequent injury in conjunction with the preexisting permanent partial disability is materially and substantially greater than that which would have resulted had the preexisting permanent partial disability not been present, and the employer has been required to pay and has paid compensation for that greater disability.
La.R.S. 23:1371(C).
As stated above, the medical records in evidence do not establish the 1991 injury. Absent such evidence, the record does not show a merger of the 1991 injury with the preexisting condition. Therefore, it is not clear that Bechtel would have been entitled to reimbursement or that Stevens' failure to truthfully answer the medical history questionnaire affects Bechtel's ability to receive reimbursement from the Second Injury Fund.
The hearing examiner clearly erred by finding a connection between Stevens' failure to answer and his current injury. Because all of the factors in § 1208.1 are not present, Bechtel is not relieved under that statute of its liability to pay benefits. We pretermit the remaining assignments of error.
The judgment is reversed and the matter remanded.
REVERSED AND REMANDED.