TERRI F. LOVE, Judge.
This appeal is taken from a decision rendered in a workers’ compensation case. Summary judgment was granted in favor of defendani/appellee, Ochsner Foundation Hospital (“Ochsner”), dismissing the workers’ compensation claim of plaintiff/appellant, Mason Alexis, III (“Alexis”). For the reasons assigned below, we reverse.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
Alexis began working for Ochsner in November of 2000 as a patient care technician. In connection with his employment application, Alexis was required to complete a Louisiana Second Injury Fund Questionnaire. The questionnaire listed thirty-two specific medical conditions and directed the applicant to circle any of the listed conditions that he currently had or had suffered in the past. Number 27 of the questionnaire listed the following conditions: “Herniated disc, degenerative disc, back/neck pain.” Alexis did not circle number 27. Alexis did, however, circle number 34 which indicated: “None of the above.”
On April 13, 2001, Alexis sustained a herniated disc at L3-L4 while attempting to lift a patient. It is not disputed that Alexis was working in the course and scope of his employment with Ochsner at the time of his injury. Alexis was | ¡.paid temporary total disability benefits from May 14, 2001 until November 11, 2001. Alexis filed a Disputed Claim for Compensation on November 29, 2001.
On February 18, 2003, Ochsner filed a motion for summary judgment before the Office of Workers’ Compensation, seeking dismissal of Alexis’ workers’ compensation claim pursuant to La. R.S. 23:1208.1. The statute provides as follows:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee’s forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer’s ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold *124 faced block lettering of no less than ten point type.
On June 16, 2003, Workers’ Compensation Judge (WCJ), the Honorable Gwendolyn F. Thompson, granted the summary judgment, finding that Alexis “violated La. R.S. 23:1208.1 when he failed to respond positively to the Louisiana Second Injury Fund Questionnaire on the issue of back pain.” Alexis’ workers’ compensation claim was dismissed with prejudice. It is from this judgment that Alexis appeals.
LAW AND ANALYSIS
As stated by the Louisiana Supreme Court in Resweber v. Haroil Const. Co., 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7, the purpose of La. R.S. 23:1208.1 is to allow the employer to ask prospective or current employees about prior injuries. It applies to employment-related questioning of an employee or prospective employee, by an employer, concerning a prior injury, when there is no pending | ¿workers’ compensation claim. The answers provided on the questionnaire allow the employer to discern if he has hired or will hire a worker with a permanent partial disability for second injury fund purposes.
It is well-established in our jurisprudence that for a claimant to forfeit benefits pursuant to Section 1208.1 the employer must prove the following three elements: 1) an untruthful statement; 2) prejudice to the employer; and 3) compliance with the notice requirements of the statute. Wise v. J.E. Merit Constructors, Inc., 97-0684 (La.1/21/98), 707 So.2d 1214, 1217-1218; Mayo v. CASCO Construction Company, Inc., 30,343 (La.App. 2 Cir. 4/8/98), 712 So.2d 169, 174; Boh Brothers Construction Company v. Price, 2000-2233 (La.App. 4 Cir. 10/29/01), 800 So.2d 898, 901.
The first prong of the test set forth above is an untruthful statement. Our courts have consistently held that an employee/applicant fails to answer truthfully when he clearly indicates “no” on the employer’s questionnaire, denying the existence of a known medical condition. Mayo; Boh Bros. Construction Company; Stevens v. Bechtel Construction Corp., 94-1825 (La.App. 4 Cir. 4/26/95), 655 So.2d 423; Carter v. Our Lady of Lake Regional Medical Center, 612 So.2d 805 (La.App. 1 Cir.1992); Williams v. Fibrebond, 27,401, 27,402 (La.App. 2 Cir. 9/27/95), 661 So.2d 562; Burris v. LaSalle Parish Police Jury, 95-696 (La.App. 3 Cir. 11/2/95), 664 So.2d 680.
In the instant case, Alexis answered “no” to question number 27 concerning “herniated disc, degenerative disc disease, back/neck pain.” On the face of the questionnaire, and considering his medical history, Alexis’ answer was not truthful. The medical evidence contained in the record clearly demonstrated that Alexis sought medical treatment with Dr. Frederick L. Keppel, an orthopedic | ^physician, on July 29, 1998, for low back pain. At that time, x-rays taken of Alexis’ lumbar spine showed a disc narrowing and anterior and poster osteophytes at L3-L4 consistent with degenerative disc disease. Dr. Keppel’s report indicated that Alexis had injured his back in a motor vehicle accident, four years prior.
The record further reflects that Alexis sought treatment with Dr. Richard L. Meyer, Jr. on January 11, 1999, also for low back pain. Alexis’ complaints of back pain were attributed to a fall he experienced on December 30, 1998. X-rays ordered by Dr. Meyer again confirmed disc space narrowing at L3-L4. It also appears from the record that Dr. Meyer forwarded his report to Alexis’ attorney at the time, Alonzo Stanza.
*125 In an affidavit presented in opposition to Ochsner’s motion for summary judgment, Alexis denied ever being advised by Dr. Keppel, Dr. Meyer or his attorney that he suffered from degenerative disc disease. Alexis maintains that he answered “no” to question number 27 on Ochsner’s question-name because he suffered from only mild back pain on a few occasions over his lifetime, and because he never had any chronic problems with his back.
Under the circumstances described above, there was sufficient evidence to substantiate the WCJ’s finding that Alexis failed to respond truthfully to his employer’s questionnaire on the issue of back pain.
Under the second part of the inquiry, we address whether Alexis’ untruthful statements regarding his back condition were prejudicial to his employer. As we noted in Boh Bros., an employer is prejudiced by one of two circumstances. The employee’s untruthful answer must directly relate to the medical condition that is the subject of the claim or affect the employer’s ability to receive reimbursement from the second injury fund.
| fiBased on the record in the present case, we find that whether there is an establishment of a direct relationship between Alexis’ pre-existing back problems at L3-L4 and the injury incurred is a factual determination. Alexis’ duties as a patient care technician required the lifting and maneuvering of patients, which made him susceptible to injury, however determination of whether Alexis’ answers on the medical questionnaire were directly related to the medical condition that is the subject of the instant claim, thereby, satisfying the “prejudice to the employer” element under La. R.S. 23:1208.1, is a factual determination, to be determined by the trier of fact and not a matter subject to summary judgment. La. C.C.P. article 966(B) provides that a summary judgment motion shall be granted when there exists no genuine issue of material fact. A genuine issue is a triable issue. Bauer v. Dyer, III, et al., 00-1778 (La.App. 5 Cir. 2/28/01), 782 So.2d 1133 citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Id. citing Penalber v. Blount, 550 So.2d 577, 583 (La.1989). A direct relationship is established pursuant to La. R.S. 23:1208.1 when the subsequent injury was inevitable or very likely to occur because of the presence of the preexisting condition. Wise at 1220. The existence or nonexistence of pre-existing condition is essential to plaintiffs cause of action, therefore, making it a triable issue.
Normally, the final step in the analysis would be to determine whether the questionnaire complied with the notice requirements under the statute. However, the notice requirement is not disputed by Alexis; and, therefore, it will not be addressed herein.
^STANDARD OF REVIEW
The hearing officer’s factual findings in worker’s compensation cases are subject to the manifest error rule or clearly wrong standard of appellate review. Seal v. Gaylord Container Corp., 97-0688 (La.12/02/97); 704 So.2d 1161; Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether the fact finder’s conclusion was a reasonable one. Seal; Stobart v. State, Through Dept. of Transportation & Development, 617 So.2d 880, 882 (La.1993). Reasonable evaluations of credibility and *126 inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id. Where there are two permissible views of the evidence, a fact finder’s choice between them can never be manifestly erroneous or clearly wrong. Seal; Stobart.
In the present case, the WCJ made a factual finding that Alexis violated La. R.S. 23:1208.1 by failing to respond positively to the Louisiana Second Injury Fund Questionnaire on the issue of back pain. After a thorough review of the record, we find that the trial court committed manifest error in granting the motion for summary judgment and we find that an issue of material fact exist sufficient to defeat Ochsner’s motion for summary judgment.
CONCLUSION
For the reasons assigned herein, we reverse the WCJ’s granting of summary judgment in favor of Ochsner and the dismissal of Alexis’ workers’ compensation claim.
REVERSED AND REMANDED.