Dear Ms. Durand:
We received your request for an Attorney General Opinion regarding the application of Louisiana Revised Statute 23:1208 and 1208.1. Specifically, you ask what are the rights and responsibilities of an employee with regards to a Post-Hire Medical History Questionnaire that the employee must complete and the relationship of the questions to the employee's right to privacy.
Louisiana Revised Statute 23:1208 and 1208.1, sets forth the rights and responsibilities of both the employer and employee as it relates to an employer's inquiry into an employee's previous injury claims and the forfeiture of worker's compensation benefits. It is important to understand the purpose of the above mentioned statutes and their applicability to different situations. While both statutes govern misrepresentations concerning benefits, and are aimed at curtailing the abuses in the workers' compensation system, the statutes serve separate purposes and apply to different situations.[1]
La.R.S. 23:1208, applies to any willful false statements or misrepresentations, including one concerning a prior injury, made specifically for the purpose of obtaining workers' compensation benefits, and therefore generally becomes applicable at the time of an employee's accident or claim. However, more pertinent to your request is La.R.S.23:1208.1 which provides in pertinent part:
 Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the *Page 2 
employer's ability to receive reimbursement from the second injury fund. (Emphasis added.)
The above cited statute applies to employment-related questioning of employees or prospective employees, by an employer, concerning prior injury, when there is no pending worker's compensation claim. "The answers provided on the questionnaire allow employers to discern if he has hired, or will hire a worker with permanent partial disability for second injury fund purposes."[2] This statute was enacted to insure that employers have accurate information regarding the risks they assume in hiring a particular employee or that untruthful employees assume the risk themselves. Williams v. Holly Hill Nursing Home, 640 So.2d 383, (La.App. 3 Cir. 3/30/94).
In summary, the employee has the responsibility of completing the medical questionnaire and answering each question truthfully. In complying with this statutory provision, should the employee become injured the employee is entitled to recover workers' compensation benefits. The employee's failure to answer the questionnaire truthfully shall result in forfeiture of benefits pursuant to this statute. However, it is important to note that the forfeiture of benefits will result only if the failure to answer truthfully, directly relates to the medical condition for which a claim for benefits is made, or affects the employer's ability to receive reimbursement from the second injury fund.[3]
We will now address your concern regarding the types of questions asked, and the relationship of the questions to the employee's right to privacy. La.R.S. 23:1378 (F) defines permanent partial disability (PPD) as "any permanent condition, whether congenital or due to injury or disease, of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become injured." There are thirty conditions listed in section 1378(F) that are presumed permanently partially disabling. In accordance with this statute, the Louisiana Supreme Court held in Wise v. J.E. MeritConstructors, Inc., Sup. 1998, 707 So.2d 1214, 1997-0684 (La. 1998), that it is always lawful for an employer to make inquiries in its questionnaire regarding the thirty listed conditions, because answers to those questions establish employer knowledge of the existence of PPDs in accord with the anti-fraud forfeiture statute's intent. An employer must also ascertain that his questionnaire is in accord with the federal Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (1990). Because of the ADA, an employer's questions are restricted. However, an employer is permitted to seek information when there is a reasonable basis for the inquiry, such as purposes of second injury fund recovery.[4] *Page 3 
In King v. Grand Cove Nursing Home, the court held, a questionnaire not narrowly tailored to provide the employer with knowledge about preexisting conditions prejudicial to the employer's second injury fund, reimbursement potential was found ambiguous.[5] The King court observed that overly broad questions "could well be interpreted as referring to a chronic or long standing condition." Moreover, "Ambiguous questionnaires do not serve the purposes of La.R.S. 23:1208.1, for which the legislature granted the employer the right to make inquiries and such ambiguities are to be construed against the employer in determining whether the employee knowingly failed to answer the questionnaire truthfully."[6]
La.R.S. 23:1208 and 1208.1 are provisions of the Workers' Compensation Act, and were enacted to curtail the abuses in the workers' compensation system. Further La.R.S. 23:1378(F) provides a list of what are presumed to be permanent partial disabilities in accordance with the anti-fraud forfeiture statute's intent. Further, in accordance with jurisprudential rule, ambiguous questionnaires are to be construed against the employer in determining whether employee knowingly failed to answer questionnaire truthfully. Therefore, this office is of the opinion that the types of questions asked on the New Post-Hire Medical History Questionnaire are within the purview of La.R.S. 23:1208.1 and 23:1378(F).
We hope the foregoing is helpful to you. Should you have any further inquiries in which we may provide assistance, please contact this office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 LaTonya L. Ozene
 Assistant Attorney General
 CCF, Jr:LLO/lbw
[1] Nabors Drilling USA v. Davis, Sup. 2003, 857 So.2d 407, (La. 2003).
[2] Alexis v. Alton Ochsner Foundation Hosp., 869 So.2d 121, (La.App. 4 Cir. 2/25/03).
[3] La.R.S.23:1208.1
[4] Denis P. Juge, 13 LACIVL § 18.3 (1994)
[5] King v. Grand Cove Nursing Home 93-779, 640 So.2d 348 (La.App. 3 Cir. 3/9/94), writ denied, 94-0865, 641 So.2d 204 (La. 5/13/94).
[6] Wise v. J.E. Merit Constructors, Inc., Sup. 1998, 707 So.2d 1214,1997-0684 (La. 1998).